O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA CASTRO,<br>Plaintiff,<br>v.<br>NISSAN NORTH AMERICA, INC., and DOES 1 through 10, inclusive,<br>Defendants. | Case No. 8:25-cv-01079-KES<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO FOLLOW COURT ORDERS |

## I. INTRODUCTION

In April 2025, Rosa Castro ("Plaintiff") sued Nissan North America, Inc. ("Defendant") and Does 1 through 10, alleging three claims under the Song-Beverly Consumer Warrant Act ("Song-Beverly Act"). ("Compl." at Dkt. 1-1.) Communication between Plaintiff and her counsel became tenuous by June 2026. (Dkt. 22.) By August 2026, counsel could not reach her at all and filed a motion to withdraw as attorney, which the Court granted. (Dkt. 26, 29.) Plaintiff then failed to respond to the Court's Order to Show Cause ("OSC") by September 2, 2026. (See Dkt. 29.) Accordingly, the Court dismisses this case for failure to prosecute and failure to follow court orders.

/ / /

## II. BRIEF FACTUAL BACKGROUND

On December 6, 2020, Plaintiff purchased a 2020 Nissan Kicks ("Subject Vehicle") worth approximately $36,810.00. (Compl. ¶ 8.) Defendant issued an express warranty or warranties. (Id.) The Subject Vehicle was allegedly delivered to Plaintiff with serious defects and nonconformities that were not fixed after multiple repair attempts occurring between December 2020 and May 2024. (Id. ¶¶ 10-16.)

## III. PROCEDURAL HISTORY

On April 9, 2025, Plaintiff filed suit in the Orange County Superior Court under the Song-Beverly Act. (Dkt. 1-1.) She was represented by counsel at Quill & Arrow LLP ("Quill & Arrow").

On May 15, 2026, Defendant removed the case to federal court. (Dkt. 1.) On May 28, 2025, the Court issued an Order Setting Rule 26(f) Scheduling Conference. (Dkt. 9.) The parties filed their joint discovery plain. (Dkt. 10.) The Court held the conference and subsequently entered scheduling dates, including a deadline of June 6, 2026, by which to complete settlement discussions. (Dkt. 11.)

On January 13, 2026, the parties filed a joint status report notifying the Court of the status of written discovery, deposition scheduling, anticipated motions, and efforts to resolve the case through alternative dispute resolution. (Dkt. 17.) The parties stated that they were "continu[ing] to work towards scheduling a mediation, … [to] be completed by the Court's deadline of June 6, 2026." (Id. at 3.)

On June 8, 2026, the Court issued an order requiring the parties to file a joint status report regarding mediation. (Dkt. 18.) The parties did not file anything. The Court scheduled a telephonic status conference for June 18, 2026. (Dkt. 19.)

On June 17, 2026, Andrew Jung of Quill & Arrow filed a status report in which he revealed that he had been struggling to maintain "consistent contact with Plaintiff." (Dkt. 22.) For instance, he "attempted to extend an offer presented at [the June 12, 2026] mediation to Plaintiff" but, since then, "counsel lost consistent

and reliable contact with Plaintiff necessary to finalize settlement." (Id.) After the telephonic status conference, the Court continued the pretrial deadlines by about sixty days. (Dkt. 24.)

On August 6, 2026, attorney Joon Kim filed Quill & Arrow's motion to withdraw as Plaintiff's counsel of record, citing the ongoing communication issues:

> Plaintiff has failed to respond to numerous telephone calls, text messages, emails, and other communications from multiple members of Counsel's office. Counsel also conducted a skip trace in an effort to locate Plaintiff and obtain updated contact information, but those efforts were unsuccessful. As a result, Counsel has been unable to obtain Plaintiff's instructions necessary to continue representing Plaintiff in this litigation.

(Dkt. 26.) The Court ordered the hearing off calendar and set a briefing schedule, which contained directions on how Plaintiff could file an opposition and what that opposition should include. (Dkt. 27.) Counsel filed a Proof of Service form that showed Plaintiff was served with the Court's scheduling order in accordance with Federal Rule of Civil Procedure ("FRCP") 5(b). (Dkt. 28.) Plaintiff did not oppose the motion, and the Court granted it, allowing Quill & Arrow to withdraw as counsel of record. (Dkt. 29.) The Court also issued an OSC requiring Plaintiff to explain, in writing, by September 2, 2026, why this case should not be dismissed for lack of prosecution and failure to comply with the Local Rules. (Id. at 2.) The OSC warned, in bold and underlined font: "**Failure to file a timely response to the OSC may result in the dismissal of this action with prejudice.**" (Id.)

Under the Local Rules, when a party's attorney of record withdraws, she "must appear pro se or appoint another attorney by a written substitution of attorney signed by the party and the attorneys." L.R. 83-2.3.3. Plaintiff failed to take either action. September 2, 2026, came and went without Plaintiff's court-ordered response to the OSC. Her case is, therefore, dismissed. As discussed below, the dismissal shall be *without* prejudice.

/ / /

## IV. LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule ("L.R.")[1] 41-1 explains that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1.

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to FRCP 41(b) "operates as an adjudication on the merits."); L.R. 41-2 ("Unless the Court provides otherwise, any dismissal pursuant to L.R. 41-1 shall be without prejudice."); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things . . . [to] think about."

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## V. DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." Id. (citation modified).

The third factor is prejudice to the defendants. A plaintiff's failure to prosecute creates a presumption of prejudice to the defendants. Hernandez v. City of El Monte, 138 F.3d 393, 400-01 (9th Cir. 1998); see Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). This case has been pending in federal court since Defendant removed it in May 2025. Now, crucial pretrial deadlines are being missed, which could delay trial, and Plaintiff's lack of communication means that the delay could be indefinite. Therefore, she has not overcome the presumption of prejudice to Defendant, and the Court finds that this third factor tips in favor of dismissal.

The fourth factor is the availability of less drastic sanctions. Here, Plaintiff has failed to respond to her counsel communicating a settlement offer, which could have resolved this case, and she has not responded to the Court's OSC. Since Plaintiff is presently unreachable, a less drastic sanction than dismissal would be ineffective and only serve to expend further judicial resources. This factor, too, favors dismissal.

The fifth factor is the public policy favoring a disposition of an action on its merits, and that weighs against dismissal here. Pagtalunan, 291 F.3d at 643 (citing Hernandez, 138 F.3d at 399). However, it is outweighed by the other four factors

favoring dismissal.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to FRCP 41(b) and L.R. 41-1. The dismissal shall be without prejudice to preserve Plaintiff's rights, but Plaintiff is cautioned that further litigation over the Subject Vehicle that results in a dismissal for failure to prosecute and/or failure to follow court orders may instead be ordered with prejudice.

## VI. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the Court enter Judgment DISMISSING Plaintiff's Complaint and the entire case without prejudice for failure to prosecute and failure to follow court orders.

IT IS FURTHER ORDERED that, if Plaintiff initiates a new lawsuit alleging defects in the Subject Vehicle, she must include in her complaint an explanation for her failure to communicate with counsel and prosecute this case.

DATED: September 4, 2026

Karen E. Scott

Hon. Karen E. Scott
UNITED STATES MAGISTRATE JUDGE